## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DONNA KING,

        **Plaintiff,**              **CIVIL ACTION NO. 06-CV-13094-DT**

  **vs.**

                             **DISTRICT JUDGE BERNARD A. FRIEDMAN**

CSX TRANSPORTATION,        **MAGISTRATE JUDGE MONA K. MAJZOUB**
INC.,
        **Defendant.**
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S ATTENDANCE AT AN INDEPENDENT MENTAL EXAMINATION AND GRANTING DEFENDANT'S MOTION TO FILE A REPLY BRIEF

This matter comes before the Court on Defendants' Motion to Compel Plaintiff's Attendance at an Independent Mental Examination filed on May 14, 2007. (Docket no. 30). Plaintiff has filed a Response brief. (Docket no. 32). Plaintiff has filed a Reply brief. (Docket no. 34). All pretrial matters have been referred to the undersigned for decision. (Docket no. 18). The Court heard argument from counsel on this motion on June 1, 2007. The matter is therefore ready for ruling.

The parties came to an agreement at the June 1, 2007 hearing on most of the disputed issues regarding the mental examination of Plaintiff. Plaintiff does not contend that the examination should not occur. She has proposed several conditions for the examination however. The Court will address the issues as outlined in Defendant's Statement of Unresolved Issues. (Docket no. 35).

The first issue concerns the date and time for the examination. The examination was noticed by Defendant on May 8, 2007. It is scheduled for June 5, 2007 at 1:00 p.m. at the offices of Manfred F. Greiffenstein, Ph.D., in Royal Oak, Michigan. The parties agree that this time and date for the

examination is still in effect.  The Court expressed its desire at the June 1 hearing that the examination proceed at this time.  The Court will allow an agreement of the parties to stand, however, which is that if Plaintiff is unavailable on this date she will present herself for the examination before or after the close of discovery on June 15, 2007.

The second issue regarding Plaintiff's desire to designate the exam as a "defense" examination was withdrawn by Plaintiff.

The third issue concerns Plaintiff's attempt to limit the scope of the examination.  The parties agree that the examination will cover Plaintiff's "emotional injuries as claimed."  Plaintiff's primary concern was that an excessive battery of tests not be conducted.  Defendant's counsel stated that his understanding is that during the examination Plaintiff will complete an intake form, have an interview of about an hour, and then be given the MMPI.  The parties agreed that if more tests than these need to be performed counsel will confer and if there is an objection the extra test(s) will not be performed on June 5.  The Court considers this issue to be resolved.

The fourth issue concerns a listing of the proposed tests to be conducted.  This issue is resolved as stated in the third issue.

The fifth issue is Plaintiff's request that her counsel be present during her examination.  Plaintiff's Response brief fails to disclose any special need that Plaintiff has which would require her counsel's presence during this examination.  During the June 1 hearing, Plaintiff's counsel argued that Plaintiff needed his "steadying hand" during the examination due to her fragile emotional state.  The Court is not convinced that counsel's presence would be beneficial during the examination.

The general rule in federal court is that observers should not be allowed unless the person to be examined shows special need or good reason for the observer.  *Zantello v. Shelby Twp.*, 2007 WL 737723 (E.D. Mich. Mar. 7, 2007).  Federal courts have been especially reluctant to approve of counsel's

presence during a mental examination. *Di Bari v. Incaica Cia Armadora, S.A.,* 126 F.R.D. 12 (E.D.N.Y. 1989). Plaintiff does not have a guardian appointed for her to assist in this litigation. This suggests to the Court that she has the ability to conduct herself in a manner similar to most other plaintiffs. Plaintiff has not produced any evidence showing that she has a special need for an observer, and especially not for counsel's presence as an observer during her examination. To the extent that counsel would take a more active role than an observer, the Court finds that this would inject an adversarial factor into the examination and inhibit the unimpeded one-on-one communication necessary for a successful examination. *See id.* Accordingly, counsel will not be present during Plaintiff's examination.

The sixth issue regarding reimbursement for Plaintiff's travel expenses has been withdrawn by Plaintiff.

The seventh issue concerns the production of a report on the examination and of the CV of Dr. Greiffenstein. Defendant will disclose the report in the normal course of discovery and the CV has been produced. Therefore, the Court considers this issue to be resolved.

The eighth issue is whether certain IRS forms should be produced by Defendant. Plaintiff has withdrawn this request.

The ninth issue has also been resolved in that Defendant has agreed to provide a list of IME's performed by Dr. Greiffenstein on behalf of Defendant between 2002 and 2006.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel Plaintiff's Attendance at an Independent Mental Examination (docket no. 30) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff appear for the examination as noticed in Defendant's May 8, 2007 Notice of Independent Mental Examination, subject to the agreement of the parties as set out above.

**IT IS FURTHER ORDERED** that Plaintiff's counsel not be present during the examination.

**IT IS FURTHER ORDERED** that Defendant's Motion to File a Reply Brief Greater than 5 Pages in Length (docket no. 33) is **GRANTED**.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: June 01, 2007          s/ Mona K. Majzoub
                              MONA K. MAJZOUB
                              UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: June 01, 2007          s/ Lisa C. Bartlett
                              Courtroom Deputy